**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MOTEL NAVIGATION LTD., EAGLE TRANSPORTATION LTD., SEVERO COMPANY LTD., SERENITY NAVIGATION LTD., WAVE SHIPPING LTD., and RONTOR LTD., | : | |
| Plaintiffs, | : | C.A. No.: ____________ |
| v. | : | |
| PDVSA PETROLEOS S.A., | : | |
| Defendant. | : | |

**MOTION AND MEMORANDUM FOR ORDER AUTHORIZING**
**ISSUE OF WRIT OF MARITIME ATTACHMENT AND GARNISHMENT**

Plaintiffs Motel Navigation Ltd. ("Motel"), Eagle Transportation Ltd. ("Eagle"), Severo Company Ltd. ("Severo"), Serenity Navigation Ltd. ("Serenity"), Wave Shipping Ltd. ("Wave"), and Rontor Ltd. ("Rontor") (collectively, "Plaintiffs") move, pursuant to Supplemental Rule B, for an Order directing the Clerk to issue a Supplemental Rule B Writ of Maritime Attachment and Garnishment upon each of the Garnishees requested by Plaintiffs, and providing further that the Clerk may issue additional writs on further application of Plaintiffs. In further support of this motion, Plaintiffs state as follows.

Supplemental Rule B(a) provides:

> If a defendant is not found within the district, when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property - up to the amount sued for - in the hands of garnishees named in the process.

Plaintiffs have filed a Verified Complaint seeking process to attach and garnish, pursuant to Supplemental Rule B, the property of Defendant PDVSA Petroleos S.A. ("Defendant" or

"PDVSA") that is found in this District, namely, monies owed to Defendant that are now, or soon will be, in the hands of the Garnishees herein.

> Specifically, Rule B notes that process of attachment can reach all of "the Defendant's tangible or intangible personal property" and courts have construed this language expansively to recognize a variety of attachable interests -- including funds in a bank account, escrow in the court registry, debts owed to a defendant, and an arbitration award in Defendant's favor.

*Consub Del. L.L.C. v. Schahin Eugenharia Limitada*, 676 F. Supp. 2d 162, 167, (S.D.N.Y. 2009) (footnotes omitted). "The Rule's use of the possessive form – 'defendant's' - makes ownership of the assets a criterion of their attachability. Rule B does not require that a defendant, in addition to ownership, have full control over its goods, chattels, credits or effects." *Starboard Venture Shipping v. Casinomar Transp.*, 1993 U.S. Dist. LEXIS 15891, 1994 A.M.C. 1320 (S.D.N.Y. 1993).

> Rule B(1) . . . provides that a maritime Plaintiff may 'attach the Defendant's tangible or intangible personal property.' It is difficult to imagine words more broadly inclusive than 'tangible or intangible.'" *Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263, 276 (2d Cir. 2002) (citation omitted). Given the breadth of Rule B, it is recognized that the Rule permits a Plaintiff to attach, for example, "debts owed to the Defendant . . . even if they have not yet matured or have only partially matured," provided that "the Defendant's entitlement to the credit or interest in the debt [is] clear." *Id.* (*quoting* Robert M. Jarvis, An Introduction to Maritime Attachment Practice Under Rule B, 20 J. Mar. L. & Com. 521, 530 (Oct. 1989)). Accordingly, it has been held that where a transfer of funds between two third-parties is shown to have been made for the benefit of a Defendant subject to an order of attachment, the Defendant's "property interest in" the transfer may be "sufficient to render it attachable under Rule B." *Essar Int'l, Ltd. v. Martrade Gulf Logistics*, FZCO, No. 07 Civ. 3439 (WHP), 2007 U.S. Dist. LEXIS 61713, 2007 WL 2456629, at *2 (S.D.N.Y. Aug. 23, 2007).

*Novoship (UK) Ltd. v. Ruperti*, 567 F. Supp. 2d 501, 505 (S.D.N.Y. 2008).

On information and belief, Garnishees have, or soon will have, property of Defendant in this district – namely, monies owed by Garnishees to Defendant. Plaintiffs' seek attachment and garnishment of this property of Defendant.

Plaintiffs' Verified Complaint sets out enough facts to state a claim to relief that is plausible on its face and that the named Garnishees hold property of Defendant within the meaning of Supplemental Rule B. The proposed Writs of Maritime Attachment and Garnishment filed herewith name the Garnishees. The proposed Order, herewith also limits garnishment only "to the amount sued for," as required by Supplemental Rule B.

Plaintiffs' Verified Complaint sets out the factual "bases for its belief that [D]efendant's property may be found within this District, as well as the garnishees it seeks authorization to serve." *Wight Shipping, Ltd. v. Societe Anonyme Marocaine de L'Industrie Du Raffinage S.A.*, 2008 U.S. Dist. LEXIS 106420 (S.D.N.Y. Nov. 24, 2008). "[A]t the pleading stage, no obligation exists to prove anything, only to allege 'enough facts to state a claim to relief that is plausible on its face.'" *Capitol Records, Inc. v. City Hall Records, Inc.*, 2008 U.S. Dist. LEXIS 55300, *21–22 (*quoting Bell Atlantic Corp Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). Specifically, Plaintiffs' allegations:

> demonstrate a 'plausible' entitlement to a maritime attachment" because they "at least show that it is plausible to believe that Defendant's property will be 'in the hands of" garnishees in [this District] at the time the requested writ of attachment is served or during the time that service is effected.

*Peninsula Petroleum Ltd. v. New Econ Line Pte Ltd.*, 2009 U.S. Dist. LEXIS 24470, *5 (S.D.N.Y. 2009).

This Court therefore should enter the proposed Order, providing for the Clerk to issue the requested Writs of Maritime Attachment and Garnishment, because Plaintiffs' Verified Complaint "allege[s] facts that make it plausible to believe that: "(1) it has a valid prima facie

admiralty claim against the [D]efendant; (2) the Defendant cannot be found within the district; (3) the [D]efendant's property may be found within the district; and (4) there is no statutory or maritime law bar to the attachment." *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006); *Peninsula Petroleum*, 2009 U.S. Dist. LEXIS 24470 at *1 (S.D.N.Y. Mar. 17, 2009).

WHEREFORE, for the reasons stated herein, Plaintiffs respectfully requests that the Court grant the instant Motion and direct the Clerk to issue the Writs requested. Plaintiffs herewith submit a draft order.

**COLE SCHOTZ P.C.**

Michael F. Bonkowski (No. 2219)
Nicholas J. Brannick (No. 5721)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
(302) 651-2002 (Phone)
(302) 574-2102 (Fax)
mbonkowski@coleschotz.com
nbrannick@coleschotz.com

*Counsel for Plaintiffs,*
*Motel Navigation Ltd., Eagle Transportation Ltd., Severo Company Ltd., Serenity Navigation Ltd., Wave Shipping Ltd., and Rontor Ltd.*

OF COUNSEL:
Michael E. Unger
Jan P. Gisholt
Michael J. Dehart
Freehill Hogan & Mahar LLP
80 Pine Street, 25th Floor
New York, NY 10005
Tel: (212) 425-1900
Fax: (212) 425-1901
unger@freehill.com
dehart@freehill.com

Dated: December 8, 2016